```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT BLUEFIELD
```

LACY WRIGHT, JR. et al.,

    Plaintiffs,

v.                                    CIVIL ACTION NO. 1:08-1431

JAMES M. SUTTON, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

    Pending before the court is a motion by Crowe, Chizek and Company, LLC (hereinafter "Crowe") to dismiss, pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6). As an alternative to the motion to dismiss, Crowe has moved for a more definite statement.

> Rule 8(a) of the Federal Rules of Civil Procedure provides:
>
> A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief. . . .

Federal Rule of Civil Procedure 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." "A motion for a more definite statement is ordinarily restricted to situations where a pleading suffers from unintelligibility rather than want of detail." <u>Gleichauf v. Ginsberg</u>, 859 F. Supp. 229, 233 (S.D.W. Va. 1994). Whether a motion for a more definite

statement should be granted is "generally left to the district court's discretion." <u>Hodgson v. Virginia Baptist Hosp.</u>, 482 F.2d 821, 824 (4th Cir. 1973).

The court has reviewed plaintiffs' complaint and the responses to the various motions filed on behalf of Crowe. Paragraphs 13 and 14 of the Complaint aver as follows:

> 13. The Defendant, Crowe Chizek and Company, LLC, based upon information and belief is a limited partnership with offices throughout the United States. At all times relevant hereto, Defendant, "Crowe" was engaged in the business of accounting, auditing and consulting and conducted and transacted business in McDowell County, West Virginia and the State of West Virginia. Based upon information and belief Defendant, "Crowe" was, is engaged/retained by Defendant American Bankshares, Inc., to provide accounting and consulting services to said Defendant.
>
> 14. That the Defendant, Crowe Chizek and Company, LLC, "Crowe's" agent for service of process in West Virginia is Lexis Nexis Document Solutions, Inc., 209 West Washington Street, Charleston, West Virginia 25302. That Defendant "Crowe" is based upon information and belief has their principal place of business in South Bend, Indiana.

These are the only instances in the entire Complaint where Crowe is specifically mentioned. The remainder of the Complaint refers to the defendants collectively. By way of example, plaintiffs allege:

> 20. That the Defendants and each of them and/or their agents, employees, representatives, envoys, and frontmen have engaged in a long and continuous course of conduct that was/is oppressive and involves a continuing series of wrongful acts by which the controlling Defendants have attempted to oust the minority shareholders. That the wrongful and oppressive conduct of the Defendants stinks like an

> open sewer next door to an outhouse located in a sulphur chemical plant.
>
> 21. That the Defendants and each of them have engaged in a long and continuous pattern of wrongful conduct, oppressive conduct, lack of fair dealing in the banking affairs of American Bankshares, Inc., to the prejudice of minority shareholders. That the oppressive and wrongful conduct has created a stench that reeks foul odor and stinks to high heaven.

Complaint ¶¶ 20-21. As this excerpt makes clear, not only is it difficult to determine exactly what claims plaintiffs are pursuing, it is impossible to determine the specific defendant against whom each claim is advanced.

Given that Crowe is unable to determine exactly what claims plaintiffs are pursuing and whether they are pursuing said claims against Crowe, the various motions to dismiss are largely an exercise in conjecture. Crowe has been forced to move for dismissal on every possible claim without a clear understanding of the specific basis of plaintiffs' claims against it.

Based on the foregoing, the court GRANTS Crowe's motion for a more definite statement. Within fourteen days of entry of this Memorandum Opinion and Order, plaintiffs are directed to file an amended complaint that complies with the requirements of Rules 8(a) and 9(b) and 10 of the Federal Rules of Civil Procedure. In the amended complaint, plaintiffs shall set forth: 1) the nature of each claim for relief they are asserting while providing separate counts for each individual claim, 2) any statute or regulation allegedly violated (if applicable), 3) the facts that

support each claim, and 4) the relief he seeks for each claim. The amended complaint must also specifically identify which counts are applicable to which defendants.  Furthermore, plaintiffs are reminded of Federal Rule of Civil Procedure 12(f) and directed to omit from their more definite statement any impertinent or scandalous matter such as that contained the last sentences of paragraphs numbered 20 and 21 of the original complaint.  Failure to comply with this Order may result is dismissal of this action without prejudice.

    The Clerk is requested to send a copy of this Memorandum Opinion and Order to counsel of record.

    **IT IS SO ORDERED** this 6th day of July, 2010.

                              ENTER:

                              David A. Faber
                              Senior United States District Judge