IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

LACY WRIGHT, JR. et al.,

    Plaintiffs,

v.                        CIVIL ACTION NO. 1:08-1431

JAMES M. SUTTON, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

By Judgment Order entered on September 29, 2010, the court granted the motion to dismiss filed by defendant Federal Deposit Insurance Corporation ("FDIC"), as Receiver for Ameribank, Inc. The reasons for that decision follow.

## Background

On October 27, 2006, plaintiffs filed this civil action, in the Circuit Court of McDowell County, against various defendants, including Ameribank, alleging that defendants engaged in a "freeze-out" of plaintiff Lacy Wright and other John Doe minority shareholders, committed fraud, engaged in civil conspiracy, and committed negligence.  See Complaint generally.  On September 19, 2008, the Office of Thrift Supervision closed Ameribank and appointed the FDIC as Receiver.

Pursuant to 12 U.S.C. § 1821(d)(3)(B)(i) and (ii), the FDIC published notice of its appointment to all creditors of Ameribank in various publications, including The Welch News, a newspaper in McDowell County, West Virginia, on September 26, 2008; October

27, 2008; and November 26, 2008.  See Exhibits to FDIC's Motion to Dismiss at pp. 7-11.  These notices also advise creditors of Ameribank to submit all claims to the Receiver by the Claims Bar Date of December 26, 2008.  Id.

On December 17, 2008, the FDIC filed a Motion to Substitute, in the McDowell County Circuit Court,  seeking to substitute the FDIC as Receiver for Ameribank.  On that same day, the FDIC removed the case to federal court.  On January 20, 2009, the FDIC moved to stay this action for a period of 90 days, pursuant to the statutory stay provisions of 12 U.S.C. § 1821(d)(12)(A)(ii). That motion was granted on March 4, 2009, and the case was stayed until June 3, 2009.

During this stay, the FDIC mailed a Notice of Discovered Creditor and Proof of Claim Form to Plaintiff Wright, on May 14, 2009.  See Exhibits to FDIC's Motion to Dismiss at pp. 12-15.  In the Notice to Discovered Creditor, the FDIC states that it published notice in The Welch News and The Times Leader that any claims against Ameribank must be filed with the FDIC by the Claims Bar Date of December 26, 2008.  The Notice further stated, however, that if a Claimant could satisfy certain statutory exceptions contained in 12 U.S.C. § 1821(d)(5)(C), the Receiver would consider a late-filed claim.  Id.  The notice gave Wright a deadline of August 12, 2009, to file a claim.  Id.  As of December 17, 2009, Wright had not yet filed a claim with the FDIC

2

relating to the facts and circumstances of this lawsuit.  <u>See</u>
Exhibits to FDIC's Motion to Dismiss at pp. 16-17 (Declaration of
Jeff Quick).

In its motion to dismiss, the FDIC argues that the court
lacks subject matter jurisdiction over plaintiffs' complaint as
to it based on plaintiffs' failure to pursue its administrative
remedies.  Plaintiff Wright contends that he never saw the
notices published in the newspapers.  <u>See</u> Plaintiffs'
Memorandum in Support of this Court's Continuing Jurisdiction
Over the Merits of this Claim and in Opposition to Defendant's
Motion to Dismiss at p. 2 (hereinafter "Plaintiffs' Memo at
___").  Plaintiffs also contend that the failure of the FDIC to
provide them with timely written notice, pursuant to 12 U.S.C. §
821(d)(3)(C), should excuse their failure to file a proof of
claim.

## <u>Analysis</u>

"[The Financial Institutions Reform, Recovery and
Enforcement Act ("FIRREA")] was enacted in 1989 as an emergency
measure to enable the RTC and the Federal Deposit Insurance
Corporation ("FDIC") to resolve and liquidate expeditiously the
hundreds of failed financial institutions throughout the
country."  <u>Tillman v. Resolution Trust Corp.</u>, 37 F.3d 1032, 1035
(4th Cir. 1994).  Section 1821(d) of FIRREA sets forth an
administrative process for the receiver of a failed financial

3

institution to settle claims against the institution and liquidate its assets."  12 U.S.C. § 1821(d); Elmco Properties, Inc. v. Second National Federal Savings Assoc., 94 F.3d 914, 919 (4th Cir. 1996); see also  Brady Development Co., Inc. v. Resolution Trust Corp., 14 F.3d 998, 1002 (4th Cir. 1994) (FIRREA "sets forth a detailed series of rules under which all claims involving an insolvent institution are received and handled.") (citing 12 U.S.C. § 1821(d)).

> Upon becoming receiver, the RTC [or FDIC] must promptly publish notice to the institution's creditors that they must present their claims before a certain date - - the "bar date" - - which is to be at least ninety days after publication of the notice.  § 1821(d)(3)(B)(i). Furthermore, the RTC must mail a similar notice to (1) creditors appearing on the institution's books, and (2) claimants not appearing on the books but whose names and addresses the RTC later discovers.

Elmco Properties, 94 F.3d at 919.  "Congress required persons making claims against a failed financial institution or seeking to adjudicate rights against them to present their claims first to the receiver for resolution.  More specifically, under 12 U.S.C. § 1821(d), a claimant must present his claim to the receiver for an initial determination of whether the claim should be allowed within 90 days of the publication of notice by the receiver."  Tillman v. Resolution Trust Corp., 37 F.3d 1032, 1035 (4th Cir. 1994).

After a claim is submitted, the receiver has 180 days from the date of filing to allow or disallow the claim.  21 U.S.C.

§ 1821(d)(5)(A)(i).  If the FDIC disallows the claim or fails to make a determination within 180 days, the claimant may seek judicial review.  <u>Elmco Properties</u>, 94 F.3d at 919.

> But, unless a claim is first presented to the RTC for
> resolution, no court has jurisdiction over it.  These
> provisions combine to create an exhaustion requirement
> that, [the Fourth Circuit has] concluded, is "absolute
> and unwaivable."  Importantly, FIRREA does not allow
> waiver of the exhaustion requirement even for claimants
> to whom the [FDIC] failed to mail the required notice
> of the claims process and bar date.

<u>Id.</u>  The Fourth Circuit has "held that a plaintiff's failure to exhaust the administrative process deprives the courts of subject matter jurisdiction." <u>Tillman v. Resolution Trust Corp.</u>, 37 F.3d 1032, 1035 (4th Cir. 1994).

Courts make a distinction between the consequences of a receiver's failure to notify a claimant of its appointment as receiver and the receiver's failure to mail the notice required by 21 U.S.C. § 1821(d)(3)(C).

> One exception exists to the rule presented in 12 U.S.C.
> § 1821(d)(5)(C)(i).  Section 1821(d)(5)(C)(ii) provides
> that if a claimant establishes that she did not receive
> notice of the appointment of the receiver in time to
> file her claim before the bar date, a receiver may
> consider her late-filed claim.  [Claimants] have never
> alleged that they were not aware of the appointment of
> a receiver; they alleged in their filing of claim with
> the FDIC only that they had no notice of a time bar to
> their filing a claim . . . .  This contention does not
> suffice:
>
> > By its terms . . . the exception [in §
> > 1821(d)(5)(C)(ii) ] only applies to claimants
> > who do not receive notice of the fact of the
> > appointment of a receiver. The exception
> > makes no reference to claimants who are aware

> of the appointment of a receiver but who do
> not receive notice of the filing deadline.
> Therefore, a claimant's assertion that he or
> she was not made aware of the filing
> deadline, as distinct from an assertion that
> the claimant was not aware of the fact of
> receivership, does not bring the claimant
> within the exception.

FDIC v. Atchison & Keller, 913 F. Supp. 19, 25 (D.D.C. 1996)

(quoting McLaughlin v. FDIC, 796 F. Supp. 47, 49 (D. Mass. 1992)

(internal citations omitted)).

Fatal to plaintiffs' argument herein, the courts have made

clear that the FDIC's failure to mail notice of the bar dates

does not excuse a plaintiff from exhausting its administrative

remedies.  RTC Mortg. Trust 1994-N2 v. Haith, 133 F.3d 574, 579

(8th Cir. 1998) ("The only exception to the strict requirement of

exhaustion of remedies, [is] where the claimant does not receive

notice of the appointment of the receiver in time to file his

claim.  This exception will only apply to the appellants if they

did not receive notice of the fact of the appointment of a

receiver.  The exception does not apply to claimants who are

aware of the appointment of a receiver but who do not receive

notice of the filing deadline.") (citations omitted);

Intercontinental Travel Marketing, Inc. v. FDIC, 45 F.3d 1278,

1284-86 (9th Cir. 1994) ("While this section seems to make the

mailing requirement imperative for the FDIC, the statute imposes

no consequence on the FDIC for failure to do so.").

In Elmco, one of the chief cases upon which plaintiffs rely,[*] the Fourth Circuit accepted a claimant's argument that the dismissal of its claim based on failure to exhaust violated the claimant's right to due process where the claimant had no knowledge of the failed financial institution's entry into receivership. Elmco Properties, 94 F.3d at 921-22.  In so ruling, the Elmco court acknowledged that a claimant "may not complain of its lack of formal notice if it actually knew enough about the situation to place it on `inquiry notice' as to the details of the administrative process." Id. ("Accordingly, if Elmco had timely, actual knowledge that FSA had entered receivership, its due process argument might be defeated by its own failure to act on that knowledge to protect its rights."). According to the Elmco court, "a claimant's knowledge that a bank has entered receivership triggers such inquiry notice." Id.

The instant case is distinguishable from Elmco because the record makes clear that plaintiffs had actual knowledge of the receivership.  On October 3, 2008, the FDIC sent a letter to plaintiff Lacy Wright in an unrelated matter which began:  "As

---

[*] The other case upon which plaintiffs rely is Greater Slidell Auto Auction v. American Bank & Trust Co., 32 F.3d 939, 942 (5th Cir. 1994).  For the reasons expressed in Greater Slidell's dissent, 38 F.3d 180, which acknowledges that the majority opinion is at odds with the Fourth Circuit's holding in Brady Development Co. v. RTC, 14 F.3d 998, 1005 (4th Cir. 1994), the court does not find the reasoning of the majority opinion persuasive herein.

you know, the FDIC formally closed Ameribank effective Friday, September 19, 2007.  As such, your landlord under the above referenced lease is now the FDIC as Receiver for Ameribank, Inc." See Exhibit 5 to Plaintiffs' Memo.  Wright acknowledged his receipt of this letter.  See Plaintiffs' Memo at p. 3.  In addition, the notice of removal and motion to substitute the FDIC as receiver for Ameribank, filed on December 17, 2008, also put plaintiffs on notice of the receivership before the claims bar date of December 26, 2008.

Because the plaintiffs had notice of the FDIC's appointment as Receiver of Ameribank prior to the Claims Bar Date and failed to file a claim before expiration of that date, this court is without jurisdiction to consider plaintiffs' claims against the FDIC as Receiver for Ameribank.

## Conclusion

For the reasons discussed above, the motion to dismiss was GRANTED.

The Clerk is requested to send a copy of this Memorandum Opinion and Order to counsel of record.

**IT IS SO ORDERED** this 15th day of October, 2010.

ENTER:

David A. Faber
Senior United States District Judge

8