```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                         AT BLUEFIELD
```

LACY WRIGHT, JR. et al.,

    Plaintiffs,

v.                                    CIVIL ACTION NO. 1:08-1431

JAMES M. SUTTON, et al.,

    Defendants.


**MEMORANDUM OPINION AND ORDER**

Pending before the court is a motion by Crowe Chizek and Company, LLC (hereinafter "Crowe") to dismiss the Amended Complaint. (Doc. #55).[1] For reasons expressed more fully below, that motion is GRANTED.

**I.  Background**

On October 27, 2006, plaintiffs filed this civil action, in the Circuit Court of McDowell County, against various defendants, including Crowe, alleging that defendants engaged in a "freeze-out" of plaintiff Lacy Wright and other John Doe minority shareholders in Ameribank, committed fraud, engaged in civil conspiracy, and were negligent. See Complaint generally. On September 19, 2008, the Office of Thrift Supervision closed

---

[1] Also pending are two motions to dismiss filed by Crowe prior to the filing of the Amended Complaint, (Docs. #4 and 6), and a motion to stay the scheduling order, (Doc. #28). All three motions are DENIED as moot.

Ameribank and appointed the Federal Deposit Insurance Corporation ("FDIC") as Receiver.

On December 17, 2008, the FDIC filed a Motion to Substitute, in the McDowell County Circuit Court, seeking to substitute the FDIC as Receiver for defendant Ameribank. On that same day, the FDIC removed the case to federal court. On September 29, 2010, the court granted the motion to dismiss filed by the FDIC as Receiver for Ameribank for lack of subject matter jurisdiction based on plaintiffs' failure to exhaust administrative remedies.

On July 6, 2010, the court granted Crowe's motion for a more definite statement. In particular, plaintiffs were directed to explain:

> 1) the nature of each claim for relief they are asserting while providing separate counts for each individual claim, 2) any statute or regulation allegedly violated (if applicable), 3) the facts that support each claim, and 4) the relief he seeks for each claim. The amended complaint must also specifically identify which counts are applicable to which defendants. Furthermore, plaintiffs are reminded of Federal Rule of Civil Procedure 12(f) and directed to omit from their more definite statement any impertinent or scandalous matter such as that contained the last sentences of paragraphs numbered 20 and 21 of the original complaint.

Order of July 6, 2010 at pp. 3-4. Plaintiffs were also warned that failure to comply with the court's Order might result in dismissal of this action without prejudice.

On July 20, 2010, plaintiffs filed a ten-count Amended Complaint. According to the Amended Complaint, Crowe was

retained by "American Bankshares, Inc. to provide accounting, auditing, business and consulting services to Ameribank." Amended Complaint ¶ 13.  In response to the court's directive that plaintiffs identify the specific defendant against whom each claim was asserted, plaintiffs have alleged that all claims in the Amended Complaint are alleged against Crowe.  The allegations specific to Crowe are as follows:

> 20. That based upon information and belief, the Defendant Crowe Chizek and Company, LLC negligently and carelessly failed to conduct audits in accordance with applicable professional standards breaching a duty to Plaintiff and others proximately causing the Plaintiff and others to sustain harm, injuries and damages and also which resulted in the insolvency and subsequent closure of Defendant, Ameribank, Inc. by the FDIC.
>
> 21. That based upon information and belief the Defendant, Crowe Chizek and Company, LLC negligently prepared audit reports or carelessly performed audits, other audit functions and other banking and business documents resulting in false and misleading communications being sent or communicated to the Plaintiff and others proximately causing the Plaintiff and others to sustain harm, injuries, and damages.
>
> 33. That the Defendant, "Crowe" and/or other Defendants as aforesaid fraudulently and/or negligently failed to properly and accurately disclose the true financial condition of Defendant American Bankshares, Inc. and Ameribank, Inc.; failed to disclose material information; and assisted in the publication and dissemination of false and misleading information, thereby conspiring and colluding with the other Defendants and breaching a fiduciary duty to the Plaintiff and others.
>
> 63. That based upon information and belief the Defendant, Crowe Chizek and Company, LLC and other

> Defendants as aforesaid caused audit reports, financial reports and other documents to be communicated to the Plaintiff and others that were misleading because the audits and preparation of other banking related documents were negligently performed proximately causing the Plaintiff and others to sustain harm, injuries and damages.

Amended Complaint ¶¶ 20, 21, 33, and 63.

Crowe has moved to dismiss the Amended Complaint as to it on a number of different grounds.

## II. Standard of Review

"[A] motion to dismiss for failure to state a claim for relief should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim." Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989) (citation omitted) (quoting Conley v. Gibson, 355 U.S. 41, 48 (1957), and Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969)). "In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Laboratories, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Ibarra v. United States, 120 F.3d 474, 474 (4th Cir. 1997).

In evaluating the sufficiency of a pleading, the recent cases of Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955 (2007), and Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), provide guidance.

When reviewing a motion to dismiss, under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief may be granted, a court must determine whether the factual allegations contained in the complaint "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," and, when accepted as true, "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007)(quoting Conley v. Gibson, 355 U.S. 41, 47 (1957); 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Twombly, 127 S. Ct. at 1969. As the Fourth Circuit has explained, "[a] complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains 'enough facts to state a claim to relief that is plausible on its face.'" Lainer v. Norfolk S. Corp., 2007 WL 4270847 at *3 (4th Cir. 2007) (quoting Twombly, 127 S. Ct. at 1974).

According to Iqbal and the interpretation given it by our appeals court,

> [L]egal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes. See Iqbal, 129 S.Ct. at 1949. We also decline to consider "unwarranted inferences, unreasonable conclusions, or arguments." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n.

> 26 (4th Cir. 2009); see also Iqbal, 129 S. Ct. at 1951-52.
>
> Ultimately, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Facial plausibility is established once the factual content of a complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In other words, the complaint's factual allegations must produce an inference of liability strong enough to nudge the plaintiff's claims "'across the line from conceivable to plausible.'" Id. at 1952 (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).
>
> Satisfying this "context-specific" test does not require "detailed factual allegations." Id. at 1949-50 (quotations omitted). The complaint must, however, plead sufficient facts to allow a court, drawing on "judicial experience and common sense," to infer "more than the mere possibility of misconduct." Id. at 1950. Without such "heft," id. at 1947, the plaintiff's claims cannot establish a valid entitlement to relief, as facts that are "merely consistent with a defendant's liability," id. at 1949, fail to nudge claims "across the line from conceivable to plausible." Id. at 1951 (quotations omitted).

Nemet Chevrolet, LTD v. Consumeraffairs.com, Inc., 591 F.3d 250, 255-56 (4th Cir. 2009).

### III. Analysis

*A. Counts 1 and 4: Negligence and Negligent Misrepresentation*

Counts 1 and 4 appear to state professional negligence claims against Crowe based on the work it did for Ameribank. Plaintiffs also allege, for the first time, that Crowe's negligence led to the bank's closure. Crowe argues that the court should dismiss the professional negligence claims to the

extent that they allege new facts, legal theories, and causes of action.

Even were the court inclined to construe plaintiffs' first amended complaint as seeking leave to assert these additional matters, it would be compelled to deny such a motion to amend. Viewing the Amended Complaint through the lens of Twombly and Iqbal, the court finds that the pleading falls far short of what is required to withstand dismissal.

In order to recover on a claim of professional malpractice, the plaintiffs must show: (1) the existence of a legal duty owed by the defendant to the plaintiff, (2) a breach of that duty, and (3) damages proximately caused by the breach. See Sewell v. Gregory, 179 W. Va. 585, 371 S.E.2d 82, 84 (1988). In the case of a client suing a retained professional for negligence, the existence of a duty is established by virtue of the client hiring the professional. See Calvert v. Scharf, 217 W. Va. 684, 619 S.E.2d 197, 203 (2005); McGuire v. Fitzsimmons, 197 W. Va. 132, 475 S.E.2d 132, 136-37 (1996).

Under West Virginia law, as interpreted by the United States Court of Appeals for the Fourth Circuit, in order to establish liability against an accountant for the accountant's negligent misrepresentations, an injured party is required to prove (1) inaccurate information, (2) negligently supplied, (3) in the course of an accountant's professional endeavors, (4) to a third

person or limited group of third persons for whose benefit and guidance the accountant actually intends or knows will receive the information, (5) for a transaction, or for a substantially similar transaction that the accountant actually intends to influence or knows that the recipient so intends, (6) with the result that the third party justifiably relies on such misinformation to his detriment. Ellis v. Grant Thornton LLP, 530 F.3d 280, 289 (4th Cir. 2008).

Plaintiffs do not offer factual or legal support for either claim. As to Count 1, the professional negligence claim, plaintiffs fail to plead sufficient facts for this court to determine that they can satisfy any of the three elements. For example, they merely state, in conclusory fashion, that they suffered damages but they do not offer sufficient factual detail for this court to determine they have a viable claim. The negligent misrepresentation claim suffers from the same infirmities. "[N]aked assertions devoid of further factual enhancement" are not sufficient to survive a motion to dismiss." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Accordingly, Counts 1 and 4 will be dismissed.

B.   *Count 2: Breach of Fiduciary Duty*

Plaintiffs allege that all defendants, including Crowe, breached their fiduciary duty to plaintiffs. "The fiduciary duty is a duty to act for someone else's benefit, while subordinating

8

one's personal interests to that of the other person. It is the highest standard of duty implied by law." Elmore v. State Farm Mutual Automobile Ins. Co., 504 S.E.2d 893, 898 (W. Va. 1998) (internal citations and quotations omitted). West Virginia's highest court further elaborated:

> Many forms of conduct permissible in a workaday world for those acting at arm's length, are forbidden to those bound by fiduciary ties. A trustee is held to something stricter than the morals of the market place. Not honesty alone, but the punctilio of an honor the most sensitive, is then the standard of behavior. As to this there has developed a tradition that is unbending and inveterate. Uncompromising rigidity has been the attitude of courts of equity when petitioned to undermine the rule of undivided loyalty by the 'disintegrating erosion' of particular exceptions....... Only thus has the level of conduct for fiduciaries been kept at a level higher than that trodden by the crowd[.]

Id. at 898-99 (quoting Kanawha Valley Bank v. Friend, 253 S.E.2d 528, 530 n. 2 (1979)).

In general, "an accountant hired to audit the financial statements of a client is not a fiduciary of the client, but rather is required to be independent of the client." Strategic Capital Resources, Inc. v. Citrin Cooperman & Co., LLP, 2007 WL 30836, *1 (11th Cir. 2007) (quoting TSG Water Resources, Inc. v. D'Alba & Donovan Certified Public Accountants, P.C., 366 F. Supp.2d 1212, 1227 (S.D. Ga. 2004)); see also Resolution Trust Corp. v. KPMG Peat Marwick, 844 F.Supp. 431, 436 (N.D. Ill. 1994) (holding independent auditor not in fiduciary relationship with client); FDIC v. Schoenberger, 781 F.Supp. 1155, 1157 (E.D. La.

1992) (finding accountants do not owe fiduciary duty to clients when providing services as auditors); <u>Franklin Supply Co. v. Tolman</u>, 454 F.2d 1059, 1065 (9th Cir. 1971) (holding accounting firm not in fiduciary relationship with client); <u>Micro Enhancement Int'l. Inc. v. Coopers & Lybrand, LLP</u>, 40 P.3d 1206, 1218 (Wash. 2002) (holding absent special circumstances, auditor is not fiduciary of client).

Crowe contends that it is an independent accountant and, as such, owed no fiduciary duty to plaintiffs. Although plaintiffs have not explained the basis of their assertion that Crowe was a fiduciary of plaintiffs, they do allege that Crowe was retained by "American Bankshares, Inc. to provide accounting, auditing, <u>business and consulting services</u> to Ameribank." Amended Complaint ¶ 13 (emphasis added). However, the specific conduct alleged against Crowe discusses only auditing and financial reporting. Amended Complaint ¶¶ 20, 21, 33, and 63. The Amended Complaint alleges nothing about Crowe's engagement that would except it from the general rule that an independent accountant does not have a fiduciary relationship with its client. Based on the foregoing, the motion to dismiss the breach of fiduciary duty claim will be granted.

C.   *Count 3: Oppressive Conduct*

Count III of the Amended Complaint alleges oppressive conduct on the part of Crowe and other defendants. The alleged

oppression relates to and arises out of the reverse stock split approved at the Board of Directors' meeting held on September 22, 2006. Amended Complaint pp. 15-21. According to plaintiff, Crowe and the other defendants "have engaged in a long and continuous course of conduct that was oppressive and involved a continuing series of wrongful acts by which the controlling Defendants attempted to oust the minority shareholders." Amended Complaint ¶ 46.

Under West Virginia law, "the majority stockholders in a corporation owe a fiduciary duty to the minority, as do the officers and directors . . . ." Masinter v. Webco Co., 262 S.E.2d 433, 438 (W. Va. 1980). West Virginia also recognizes an "oppressive conduct exception to the general rule that a corporation has complete control of its affairs." State ex rel. Smith v. Evans, 547 S.E.2d 278, 283 (W. Va. 2001). According to the West Virginia Supreme Court of Appeals, "[a] claim of a freeze-out rests on the wrongful denial by the majority shareholders of the legitimate claims or expectations of a minority shareholder." Masinter, 262 S.E.2d at 442.

The Amended Complaint does not allege that Crowe is a shareholder in, or a director of Ameribank. Furthermore, the Amended Complaint does not allege any conduct specific to Crowe to support its allegations of oppressive conduct. Given the

11

foregoing, the court finds that plaintiff has failed to state a claim of oppression against Crowe.

*D.   Count 5: Intentional Misrepresentation*

As to the intentional misrepresentation claim, plaintiff allege that Crowe

> engaged in a pattern of intentional misrepresentation and through oppression and deceit, . . . misrepresented material facts concerning the true financial condition of the American Bankshares, Inc., and that said misrepresentations were made with scienter with a purposeful intent to induce the Plaintiff and others to act on said intentional misrepresentation or to purposefully induce the Plaintiff to refrain from acting because of the misrepresentation made by Defendants and that as a direct and proximate result of the Defendants' intentional misrepresentations made through fraud, oppression and deceit the Plaintiff justifiably relied on the misrepresentations . . . provided to the press about the true financial condition of Ameribank, Inc./American Bankshares, Inc., and as a result of the intentional misrepresentations made by the Defendants the Plaintiff and others have sustained financial loss, harm and damages.

Amended Complaint ¶ 70.  Plaintiffs' intentional misrepresentation claim is essentially a claim for fraud.  See Fifth Third Bank v. McClure Properties, Inc., 724 F. Supp.2d 598, 610 (S.D.W. Va. 2010) ("Fraud includes intentional misrepresentation and the elements required to prove each tort overlap."); Gerver v. Benavides, 530 S.E.2d 701, 705 (W. Va. 1999) ("Actual fraud is intentional, and consists of an intentional deception or misrepresentation to `induce another to part with property or to surrender some legal right, and which accomplishes the end designed.'").

12

Federal Rule of Civil Procedure 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Plaintiffs' intentional misrepresentation claim is governed by Rule 9(b). See Felman Production, Inc. V. Bannai, 2007 WL 3244638, *7 (S.D.W. Va. 2007). The Fourth Circuit has concluded that "a complaint which fails to specifically allege the time, place and nature of the fraud is subject to dismissal on a Rule 12(b)(6) motion." Lasercomb America, Inc. v. Reynolds, 911 F.2d 970, 980 (4th Cir. 1990); see also Holland v. Cline Brothers Mining Co., 877 F. Supp. 308, 318 (S.D.W. Va. 1995).

Plaintiffs' intentional misrepresentation claim is not pled with the particularity required by Rule 9(b). The claim is stated wholly in conclusory form and fails to put defendant on notice of the time, place, or nature of the alleged fraud. For this reason, the intentional misrepresentation claim will be dismissed.

D.   *Count 6: Civil Conspiracy*

Count 6 alleges that Crowe and the other defendants were engaged in a civil conspiracy to freeze-out the minority shareholders.

> A civil conspiracy is a combination of two or more persons by concerted action to accomplish an unlawful purpose or to accomplish some purpose, not in itself unlawful, by unlawful means. The cause of action is not created by the conspiracy but by the wrongful acts done by the defendants to the injury of the plaintiff.

> A civil conspiracy is not a per se, stand-alone cause of action; it is instead a legal doctrine under which liability for a tort may be imposed on people who did not actually commit a tort themselves but who shared a common plan for its commission with the actual perpetrator(s).

O'Dell v. Stegall, 703 S.E.2d 561, 595 (W. Va. 2010). Plaintiffs have failed to plead sufficient facts for this court to conclude that it is plausible Crowe was engaged in a civil conspiracy to oppress plaintiffs. Accordingly, the claim will be dismissed.

E. *Count 7: Bad Faith and Fair Dealing*

Count VII is a claim for bad faith and fair dealing. "[T]he standards of good faith and fair dealing [ ] are inherent in the concept of a fiduciary relationship." State ex rel. Smith v. Evans, at 283. As noted above, plaintiffs have not alleged sufficient facts to show it is plausible there was a fiduciary relationship between plaintiffs and Crowe. Accordingly, the motion to dismiss Count VII as to Crowe will be granted.

F. *Counts 8 and 10: Intentional Infliction of Emotional Distress and Outrage*

In order for a plaintiff to prevail on a claim for intentional infliction of emotional distress, four elements must be established:

> (1) that the defendant's conduct was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency; (2) that the defendant acted with the intent to inflict emotional distress, or acted recklessly when it was certain or substantially certain emotional distress would result from his conduct; (3) that the actions of the defendant caused the plaintiff to suffer emotional distress; and (4) that the

>  emotional distress suffered by the plaintiff was so
>  severe that no reasonable person could be expected to
>  endure it.

Tomblin v. WCHS-TV8, 2010 WL 324429, *10 (S.D.W. Va. 2010) (quoting Philyaw v. Eastern Associated Coal Corp., 633 S.E.2d 8, Syl. pt. 2 (W. Va. 2006)). Intentional or reckless infliction of emotional distress is the same thing as the tort of outrage. Lovell v. State Farm Mutual Ins. Co., 584 S.E.2d 553, 557 n.10 (W. Va. 2003); see also Travis v. Alcon Laboratories, 504 S.E.2d 419, 424 (W. Va. 1998) ("Intentional or reckless infliction of emotional distress, also called the `tort of outrage,' is recognized in West Virginia as a separate cause of action.").

"[T]rial courts should first examine the proof presented by the plaintiff to determine if the defendant's conduct may legally be considered "extreme and outrageous." O'Dell v. Stegall, 703 S.E.2d 561, 594 (W. Va. 2010).

>  In evaluating a defendant's conduct in an intentional
>  or reckless infliction of emotional distress claim, the
>  role of the trial court is to first determine whether
>  the defendant's conduct may reasonably be regarded as
>  so extreme and outrageous as to constitute the
>  intentional or reckless infliction of emotional
>  distress. Whether conduct may reasonably be considered
>  outrageous is a legal question, and whether conduct is
>  in fact outrageous is a question for jury
>  determination.

Id.

Plaintiffs have failed to state a prima facie case for intentional infliction of emotional distress. First, the conduct complained of, i.e., the reverse stock split, is not the type of

15

"atrocious," "intolerable," or "outrageous" behavior that exceeds the bounds of decency. Second, plaintiffs cannot show that any emotional distress suffered by them was so severe that it could not be endured by a reasonable person. See, e.g., Brown v. City of Fairmont, 655 S.E.2d 563, 569 (W. Va. 2007) (holding that improper disbursement of pension benefits to former wife did not make out a claim for intentional infliction of emotional distress because while "resulting financial consequences were doubtless upsetting and worrisome," it did not "cause the kind of emotional upheaval that no reasonable person could be expected to endure."). For these reasons, the claims for intentional infliction of emotion distress and outrage are dismissed.

G.   *Count 9: Negligent Infliction of Emotional Distress*

A defendant may be held liable for negligently causing a plaintiff to experience serious emotional distress, after the plaintiff witnesses a person closely related to the plaintiff suffer critical injury or death as a result of the defendant's negligent conduct, even though such distress did not result in physical injury, if the serious emotional distress was reasonably foreseeable. Arbogast v. Nationwide Mutual Insurance Co., 427 S.E.2d 461, 466 (W. Va. 1993); Heldreth v. Marrs, 425 S.E.2d 157 (W. Va. 1992). A claim for negligent infliction of emotional distress "is applicable only to limited situations `premised on conduct that unreasonably endangers the plaintiff's physical

16

safety or causes the plaintiff to fear for his or her physical safety.'" Tomblin v. WCHS-TV8, 2010 WL 324429, *10 (S.D.W. Va. 2010) (quoting Brown v. City of Fairmont, 655 S.E.2d 563, 569 (W. Va. 2007)).

This is not a case pertaining "to the threatened health or safety of the plaintiff or a loved one of the plaintiff." Brown, 655 S.E.2d at 569. Given that no such conduct is alleged herein, dismissal of the negligent infliction of emotional distress claim is appropriate.

## IV. Conclusion

For the reasons discussed above, the motion to dismiss filed by Crowe is GRANTED. Given the court's ruling herein, it does not consider the additional grounds for dismissal advanced by Crowe. The Clerk is requested to send a copy of this Memorandum Opinion and Order to counsel of record.

**IT IS SO ORDERED** this 29th day of March, 2011.

ENTER:

David A. Faber
Senior United States District Judge